UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PLUMBERS & PIPEFITTERS LOCAL NO. 572 )<br>HEALTH & WELFARE FUND, PLUMBERS )<br>& PIPEFITTERS LOCAL NO. 572 PENSION )<br>FUND, and PLUMBERS & PIPEFITTERS )<br>LOCAL NO. 572 JOINT APPRENTICESHIP )<br>TRAINING FUND, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>GIPSON MECHANICAL CONTRACTORS, INC. )<br>)<br>    Defendant. ) | Case No. 3:12-CV-0134<br>JUDGE TRAUGER |

## MEMORANDUM

This matter is before the court on the plaintiff's Motion for Summary Judgment. (ECF 25.) For the reasons that follow, the court will grant plaintiff's motion as to liability but deny the motion as to damages.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The parties agree about the relevant facts as to liability, and only disagree about the calculation of damages. The plaintiffs are employee benefit plans, as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA") at 29 U.S.C. § 1002(2). The defendant is an employer, as that term is defined in ERISA at 29 U.S.C. § 1002(5). The defendant was a party to a collective bargaining agreement (the "Agreement") that required payment of contributions to the three plaintiff funds. The Agreement was effective from May 1,

2010 through April 30, 2013. Before that, there was a prior agreement (the "Prior Agreement") that was effective from May 1, 2007 through April 30, 2010.[1]

Article VI, Section 2 of the Agreement and Prior Agreement set the amount of contributions the defendant was required by pay in fringe benefits on behalf of each covered employee. (ECF 28-1 at 10; 28-3 at 10.), The agreements required the defendant to send the plaintiffs a monthly payroll report with details about the hours of work and wages of its employees, along with payment of the required contributions. The agreements also detail how late payments are to be handled. The relevant provisions, which are identical in the Agreement and the Prior Agreement, provide as follows:

> Appropriate Employee Authorization forms and Employer reporting forms are to be fully completed and mailed by the tenth (10th) day of each month with the Employers Contributions and deductions from Employees' wages as specified in Section 2 of the Article, to a mailing address and/or post office box as designated by Local Union #572 or the respective Fringe Benefit Fund and to the Historical Bargaining Unit. Reporting forms shall be furnished in adequate quantities to each Employer by Local Union #572 and/or the Fringe Benefit Fund(s)
>
> Payments to all funds shall be due not later than the tenth (10th) day of each month, covering the previous month, and if not paid by the 10th day of the following month, the Employer shall pay 10% for each month the funds are not paid. When payments to any Fund becomes two (2) months delinquent, this Agreement shall automatically be terminated between the delinquent employers and the Union; and all Employees shall be removed from the delinquent Employer.

Article VI, Section 2. (ECF 28-1 at 12; 28-2 at 12.)

The parties agree that, from January 2010 through the date of the filing of the plaintiffs' motion for summary judgment, the defendant was subject to the foregoing provisions of the

---

[1]Both agreements are entitled "Working Agreement Between the Plumbers & Pipefitters U.A. Local 572 and the Master Plumbing, Heating, Piping and Air Conditioning Contractors of Nashville and Vicinity." (ECF 28-1, 28-2.)

Agreement and the Prior Agreement. (ECF 70-1 at 2.) The parties also agree that, from January 2010 through the filing of the plaintiffs' motion, the defendant was subject to the Employer Contribution, Delinquency and Audit Guidelines and Procedures of the Plumbers and Pipefitters Local No. 72 Pension and Health and Welfare Funds, applicable to all the plaintiff funds. (ECF 70-1 at 3, referencing ECF 27-3.) The parties also agree that the defendant failed to make timely, monthly contributions to the plaintiff funds as required by the agreements on various occasions between January 2010 and the date plaintiffs filed this motion. (ECF 70-1 at 3.)

On February 1, 2012, the plaintiffs filed this action pursuant to 29 U.S.C. § 1145 of ERISA, alleging that the defendant had failed to make all payments required by the agreements. On August 24, 2012, the plaintiffs filed a motion for preliminary injunction and to waive bond. On September 25, 2012, after having twice granted the defendant's motions to extend the time to respond but having received no response from the defendant, this court entered a preliminary injunction against the defendant that required the timely future payment of contributions and the submission of all monthly payroll reports, as required under the collective bargaining agreement and 29 U.S.C. § 1145. (ECF 23.) The court's order required that all payments already owing and all payroll reports already due be submitted to plaintiffs within twenty days.

On March 1, 2013, the plaintiffs filed a first Motion for Summary Judgment. From April 1, 2013 to February 20, 2014, the court entered thirteen orders granting defendant's motions to extend the time to file a response to the Motion for Summary Judgment, most of which were based on representations that settlement discussions were underway. On March 7, 2014, the parties filed a joint notice that they had reached settlement and that they anticipated submitting a final order to the court, resulting in the closing of this case, within ninety days. On March 10, 2014, the court entered an order stating that the parties had notified the court that the case had

not settled. On June 4, 2014, the court granted the plaintiff's Motion to Reopen the Case and ordered the defendant to respond to the pending plaintiffs' Motion for Summary Judgment.

## ANALYSIS

### Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) requires the court to grant a motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the [plaintiff]." *Moldowan*, 578 F.3d at 374.

"[T]he judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient," and the plaintiff's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249, 252. An issue of fact is "genuine" only if a reasonable jury could find for the plaintiff. *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Section 1145 of ERISA provides as follows:

> <u>Delinquent Contributions</u>: Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

The defendant concedes that it was a party to the Agreement and the Prior Agreement and concedes liability for the payments required by those agreements. (ECF 70 at 1.) The only dispute between the parties is the amount that the defendant still owes the plaintiff funds, which primarily consists of interest and penalties caused by late payments. The plaintiff Pension Fund alleges the defendant owes it $135,357.12. The plaintiff Health and Welfare Fund alleges the defendant owes it $15,099.67. The plaintiff Joint Apprenticeship Training Fund alleges the defendant owes it $17,910.00.

The defendant argues that the local union-- Local 572-- owes the defendant $160,644.34 that should offset the amount it owes the plaintiffs. However, the local union is not a party to this action, so the amount the defendant owes these plaintiffs cannot be offset by money the local union owes to the defendant, if any. *See Continental Bankers Life Ins. Co. v. Bank of Alamo*, 578 S.W.2d 625, 631 (Tenn. 1979).

The remainder of the factual disputes between the parties about the amount, if any, that is due each plaintiff, is comprised of accounting disagreements that must be resolved by the finder of fact. As to the plaintiff Health & Welfare Fund, the parties have a disagreement about whether the ledger presented by that plaintiff accurately reflects a check the defendant says it issued in June 2010. Each party presents the declaration or affidavit of the administrative staff member in their respective businesses that keep track of these payments, and these two individuals disagree about this payment. The defendant claims it issued a check in the amount of $28,582.53, which

5

constituted an overpayment of $10,075.69. The defendant alleges that this overpayment was not properly credited toward its arrearage. The Health & Welfare Fund ledger shows a payment that month of $39,374.33, and its administrator represents that the overpayment was properly credited. (ECF 27-4 at 1.) However, the columns on the Fund's ledger have no labels, and the parties have not provided any guidance to the court to assist it in interpreting this ledger. In addition, the plaintiffs' ledgers are not any more authoritative than the statement of the defendant's administrator as to the payment history. The ledger appears to have been prepared by the plaintiff Health & Welfare Fund's administrator, so is essentially just that individual's accounting, put in the form of a chart. Neither party has submitted cancelled checks or other independent evidence of these transactions. In any event, the factual dispute about the June 2010 payment must be resolved by the finder of fact.

As to the plaintiff Pension Fund, the administrators for each party disagree about the amount paid in January 2010. The defendant's administrator alleges that the defendant paid $85,566.87 for that month, which constituted an overpayment of $1,389.89. The defendant alleges this overpayment was not properly credited to its balance. The plaintiff Pension Fund's ledger shows a payment that month of $84,176.98. (ECF 27-2 at 2.) This factual dispute must be resolved as well.

The plaintiff Joint Apprenticeship Training Fund alleged in its Motion for Summary Judgment filed on March 1, 2013 that the defendant owed it $36,525.07, and it attached a ledger so reflecting. (ECF 28-3 at 6.) In its reply brief, this plaintiff claims it is currently owed $15,099.67, and it has attached an updated ledger so reflecting. (ECF 72-1 at 8.) However, the defendant's administrator represents that "[t]here are no sums due the Joint Apprenticeship Training Fund." (ECF 70-2 at ¶ 2.) This dispute, too, must be resolved by the finder of fact.

Last, the plaintiffs ask for $17,910.00 in attorney's fees and costs, plus interest, without reference to the provision in the agreements allowing for attorney's fees or to documentation in the record regarding the calculation of the fees. The issue of attorney's fees will be held in abeyance pending resolution of damages, plaintiffs' demonstration of their entitlement to attorney's fees, and their filing of appropriate documentation supporting the amount of fees requested.

## CONCLUSION

For the foregoing reasons, the court will enter judgment for the plaintiff funds on the issue of liability. The factual disputes over the proper amount of damages will be resolved by the magistrate judge at an evidentiary hearing. There will be no offset for amounts allegedly owed by Local 572, an entity that is not a party to this action, in determining the amount of damages owed to the plaintiffs.

An appropriate order shall issue.

_____
ALETA TRAUGER
UNITED STATES DISTRICT JUDGE